UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 09-86901-JB |
| | ) | |
| BRADLEY EUGENE LOWERY, JR., AND LINDA KAY LOWERY | ) ) | CHAPTER 7 |
| | ) | |
| Debtors. | ) ) | |
| JAMAL LEWIS, | ) ) | ADVERSARY PROCEEDING NUMBER _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BRADLEY EUGENE LOWERY, JR | ) ) | |
| Defendant. | ) ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT
UNDER 11 U.S.C. § 523**

COMES NOW, Jamal Lewis ("Plaintiff"), a creditor in the above-styled case, and files this complaint seeking a determination of the dischargeability of the debt owed to Plaintiff, under 11 U.S.C. § 523, and respectfully shows the Court as follows:

**Parties and Jurisdiction**

1.

This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) as a complaint to determine the dischargeability of the debt owed to Plaintiff by Debtor, Brad Lowery ("Defendant").

343092-1
5054-1

1

2.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and § 1334 and pursuant to 11 U.S.C. § 523.

3.

Venue is proper pursuant to 28 U.S.C. § 1409, as this is an adversary proceeding arising in and related to Defendant's Chapter 7 case, Case No. 09-86901-JB, which is pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division. This proceeding is initiated pursuant to Fed. R. Bank. P. 7001(6).

4.

Defendant filed a Petition constituting an Order for Relief under 11 U.S.C. Chapter 7 on October 9, 2009 (the "Petition"). Thus, Defendant has subjected himself to the jurisdiction of this Court. Defendant signed the Petition, supporting Schedules and Statement of Financial Affairs under oath and penalty of perjury.

5.

Defendant resides at 110 Augusta Drive, McDonough, GA, 30253 and may be served at that address via first class mail as provided by Fed. R. Bank. P. 7004(b)(1) and (b)(9). The attorney for the Defendant, S. Keith Eady, may be served at Keith Eady & Associates, LLC, P.O. Box 29667, Atlanta, Georgia 30359, pursuant to Fed. R. Bank. P. 7004(b)(9).

**Background**

6.

Plaintiff is a creditor and party in interest herein, by virtue of and evidenced by a Cost of the Work Plus a Fee Contract (the "Cost of Work Contract") entered into by the Plaintiff and the

Defendant for construction of a multilevel residence located at 568 Trabert Avenue, Atlanta, Georgia 30309.

7.

The Cost of Fee Contract was signed by Plaintiff, as owner, and Defendant, as President of Lowery & Associates, Inc.

8.

The Cost of Fee Contract informed the Plaintiff that the cost of the project would be $2,400,000.00.

9.

On September 9, 2007, Plaintiff obtained a Construction Loan from Taylor, Bean & Whitaker Mortgage Corp. in the principal amount of $2,400,000.00.

10.

Under the Construction Loan Agreement, each advance or disbursement to the Defendant's company, Lowery & Associates, Inc., required the signature of Plaintiff approving the disbursement and the signature of Defendant verifying that the work had been performed and that lien waivers from suppliers of the work had been executed. This information was contained within a "Request for Advance" form, which was identified as Exhibit "C" to the contract and a "Waiver Lien" form identified as Exhibit "D" to the contract (a correct copy for the "Request for Advance" form is incorporated herein and attached as Exhibit "A", and "Waiver of Lien to Date" form as Exhibit "B").

11.

Defendant, in discussions with Plaintiff, represented that he would provide Plaintiff with a description of the portion of the project completed before draws were requested by Lowery & Associates, Inc. from the loan proceeds held by Taylor, Bean & Whitaker Mortgage Corp.

12.

At all times mentioned herein, Defendant Brad Lowery was the sole shareholder of Defendant Lowery & Associates, Inc. and held the title of "CEO" and "CFO".

13.

Between February 9, 2007 and February 12, 2008, Defendant's Company, Lowery & Associates, Inc. submitted draw requests totaling $2,066,718.61.

14.

Defendant's Company, Lowery & Associates, Inc. received these funds by claiming that construction was eighty percent complete.

15.

During the first six months under the Construction Loan Agreement, Defendant's Company did not provide weekly or monthly reports to Plaintiff showing the labor and materials furnished.

16.

During this time period, despite telephone calls made by Plaintiff to Defendant concerning the missing reports and amount of work performed, Defendant failed to respond.

17.

During the first six months Lowery & Associates received $681,000.00 in loan proceeds for labor and material purported to have been installed in the residence.

18.

After Defendant failed to respond, the Plaintiff retained a construction expert to evaluate and inspect the property and determine the cost that had been expended for the project including materials and labor as well as the percentage of completion.

19.

The construction expert, Mark Wilcox, inspected the project on numerous occasions.

20.

Mr. Wilcox took numerous photographs of the project, examined the condition of the interior and exterior walls and foundation and made a determination as to the percentage of the work completed, cost to repair and expenses still owed to subcontractors who had performed work or who had provided material to the project.

21.

On November 21, 2008, Plaintiff filed a Complaint in the Superior Court of Fulton County, State of Georgia (the "Superior Court").

22.

During the trial, in Superior Court, photographs admitted into evidence showed rusted beams, water intrusion, standing water, stained walls, algae, mold, rust stained interior and exterior walls, exposed beams, incomplete stucco work, exposed foundation and an incomplete roof.

23.

Mr. Wilcox testified that based upon his experience, knowledge of costs and materials and inspection of the residence that the construction project was between 45 percent and 48 percent complete, not 80 percent completed.

343092-1
5054-1

24.

Upon applying a completion percentage of 48 percent to the draws received by Defendants Lowery & Associates, Inc. ($2,066,719.00), the Superior Court found that the total cost of labor and materials actually provided in the project was $992,025.12.

25.

The Superior Court found that Lowery & Associates, Inc. received $2,066,719.00 in construction draws; however, only $992,025.12 was utilized in the project.

26.

On July 22, 2009, the Superior Court entered an Order (the "Superior Court Order") that found that the Defendant converted $1,074,694.00 from draws issued from the Plaintiff's loan principal (a correct copy of the Superior Court Order is incorporated and attached hereto as Exhibit "C"). The Superior Court Order awarded punitive damages for the conversion.

27.

The Superior Court Order found that Defendant intentionally misled the Plaintiff by representing that weekly or monthly project reports would be sent to the Plaintiff before draws were requested.

28.

The Superior Court Order found that the Defendant made representations with the intent to induce the Plaintiff to enter into the Construction Agreement, that the representations were known by the Defendant to be false, that the Plaintiff reasonably relied upon the representations and has been damaged for which punitive damages are warranted.

29.

The Superior Court Order found that the Defendants acted in bad faith and were stubbornly litigious and that attorney's fees should be awarded.

### Count I - 11 U.S.C. § 523(a)(2)(A)

30.

Plaintiff adopts and incorporates the allegations contained in all preceding paragraphs of this Complaint as if fully stated verbatim herein.

31.

Defendant converted $1,074,694.00 from draws issued from Plaintiff's loan account.

32.

Defendant having misrepresented material facts induced the Plaintiff to enter into contract knowing that required reports would never be sent to the Plaintiff before draws were requested from the mortgage company.

33.

Defendant's debt to Plaintiff is a debt for money, property, services, or an extension, renewal, or refinancing of credit obtained by false pretenses, a false representation, or actual fraud upon which Plaintiff reasonably relied; and that Defendant caused to be made with intent to deceive and, therefore is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment against Defendant and in favor of Plaintiff in the amount of $1,872,704.00 plus interest from the date of demand, or such other amount as is proven at trial, plus court costs and attorney's fees, declare such judgment non-dischargeable under 11 U.S.C. § 523(a)(2)(A) and grant such other and further relief as the Court deems just and proper.

343092-1
5054-1

### Count II – 11 U.S.C. § 523(a)(4)

34.

Plaintiff adopts and incorporates the allegations contained in all preceding paragraphs of this complaint as if fully stated verbatim herein.

35.

Defendant fraudulently drew payments from Plaintiff's loan account that were not used for work or materials installed in Plaintiff's residence.

36.

Defendant intentionally, knowingly, and with fraudulent intent made representations which he knew to be false by representing that weekly or monthly project reports would be sent to the Plaintiff before draws were requested from the mortgage company.

37.

Defendant, with fraudulent intent, wrongfully used proceeds from the draws made from the mortgage company for his own use and benefit, contrary to the purpose for which the proceeds were entrusted to Defendant. In the alternative, Defendant wrongfully took and carried away Plaintiff's proceeds with the fraudulent intent to convert the property to Defendant's own use without Plaintiff's consent.

38.

Defendant's debt to Plaintiff is a debt for fraud and defalcation and therefore is non-dischargeable under 11 U.S.C. § 523(a)(4).

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment against Defendant and in favor of Plaintiff in the amount of $1,872,704.00 plus interest from the date of demand, or such other amount as is proven at trial, plus court costs and attorney's fees, declare

343092-1
5054-1

such judgment non-dischargeable under 11 U.S.C. § 523(a)(4) and grant such other and further relief as the Court deems just and proper.

### Count III – 11 U.S.C. § 523(a)(6)

39.

Plaintiff adopts and incorporates the allegations contained in all preceding paragraphs of this complaint as if fully stated verbatim herein.

40.

Defendant committed fraud by willfully obtaining loan proceeds from Plaintiff with the specific intent to deprive Plaintiff of same, thereby causing injury to Plaintiff.

41.

The actions of Defendant referenced above were willful and malicious.

42.

The actions of Defendant referenced above have caused willful and malicious injury to Plaintiff. As a foreseeable, direct and proximate result of Defendant's willful and malicious injury, Plaintiff has sustained damages in an amount of not less than $1,872,704.00 plus interest from the date of demand, from which Defendant benefited, exclusive of additional interest and costs and fees incurred by Plaintiff, according to proof at trial.

43.

Defendant's debt to Plaintiff is a debt for willful and malicious injury by Defendant to Plaintiff and/or to the property of Plaintiff and therefore is non-dischargeable under 11 U.S.C. § 523(a)(6).

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment against Defendant and in favor of Plaintiff in the amount of $1,872,704.00 plus interest from the date of

343092-1
5054-1

demand, or such other amount as is proven at trial, plus court costs and attorney's fees, declare such judgment non-dischargeable under 11 U.S.C. § 523(a)(6) and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of December, 2009.

*Macey, Wilensky, Kessler & Hennings, LLC*

/s/ Hal J. Leitman
Hal J. Leitman, Georgia Bar Number 446246
*HLeitman@maceywilensky.com*
Vania A. Smith, Georgia Bar Number 558756
*VSmith@maceywilensky.com*
230 Peachtree Street, N.W.
Suite 2700
Atlanta, Georgia 30303-1561
(404) 584-1200
(404) 681-4355 *Facsimile*
**Attorneys for Jamal Lewis**

343092-1
5054-1

Loan Number: 1557624

# EXHIBIT C

## REQUEST FOR ADVANCE

Construction Draw
Disbursement Request
And
Certification Form

You are hereby requested and authorized to pay the sum of $ _____ to _____ as a disbursement of loan proceeds under our Construction Loan Agreement with you dated _____. Such funds are to be applied to pay for labor and materials furnished under our Construction Contract with _____ dated _____.

The undersigned do hereby CERTIFY that: (i) work is progressing on schedule and in accordance with the Construction Contract and the Plans, (ii) there is no Event of Default under the Construction Loan Agreement or the Construction Contract and (iii) there are sufficient undisbursed loan proceeds to complete construction of the Residence in accordance with the Construction Contract and the Plans.

Borrower: _____ Date: FEB 9 2007
    JAMAL LEWIS

Borrower: _____ Date: _____

### FOR COMPLETION BY CONTRACTOR

The undersigned, as Contractor under the Construction Contract with the Borrower(s) signing above, does hereby, for good and valuable consideration, the receipt and sufficiency of which are acknowledged, waive and release any and all mechanic's and material liens which the undersigned has or to which the undersigned may be entitled by reason of materials furnished or labor performed to _____, under the Construction Contract, and the undersigned does hereby CERTIFY that (i) all persons, firms and corporations which have furnished material or labor with respect to the construction of the residence or any other work provided for in the Construction Contract have been paid In full for all such material furnished or labor performed to _____, as evidenced by the mechanic's and material lien waivers attached to this Disbursement Request, (ii) there is no default under the Construction Contract or any subcontract or other agreement for material or labor with respect thereto and (iii) to date the undersigned has received (exclusive of the above amount requested by the Borrowers) the total sum of $ _____ under the Construction Contract.

_____
Name of Contractor

_____
Signature

_____
(Title if a Corporation, Limited Liability Company or Partnership)

FEB 9 2007
Date

C0043L0

**EXHIBIT "A"**

# EXHIBIT D
# WAIVER OF LIEN TO DATE

STATE OF __GA_____ )
                        ) ss:
COUNTY OF __Fulton_____ )

Loan Number: __1557624__

To Whom It May Concern:

WHEREAS, the undersigned has been employed by __Lowery & Associates__
to furnish _____
for the premises known as _____
of which _____ is the owner.

The undersigned, for and in consideration of ($_____) Dollars, and other good and valuable consideration, the receipt whereof is hereby acknowledged, do(es) hereby waive and release any and all lien or claim of, or right to, lien, under laws relating to mechanics' liens, with respect to and on said above-described premises, and the improvements thereon, and on the materials, fixtures, apparatus or machinery furnished, and on the moneys, funds or other considerations due or to become due from the owner, on account of labor, services, material, fixtures, apparatus or machinery furnished to this date by the undersigned for the above-described premises.

Dollars, and other good and valuable consideration, the receipt whereof is hereby acknowledged, do(es) hereby waive and release any and all lien or claim of, or right to, lien, under laws relating to mechanics' liens, with respect to and on said above-described premises, and the improvements thereon, and on the materials, fixtures, apparatus or machinery furnished, and on the moneys, funds or other considerations due or to become due from the owner, on account of labor, services, material, fixtures, apparatus or machinery furnished to this date by the undersigned for the above-described premises.

Given under _____ hand and seal this _____ day of __FEB 9 2007__

Signature and Seal: _____

NOTE: All waivers must be for the full amount paid. If waiver is for a corporation, corporate name should be used, corporate seal affixed and title of officer signing waiver should be set forth; if waiver is for a partnership, the partnership name should be used, partner should sign and designate himself as partner.

## CONTRACTOR'S AFFIDAVIT

STATE OF __GA_____ )
                        ) ss:
COUNTY OF __Fulton_____ )

To Whom It May Concern:

The undersigned, being duly sworn, deposes and says that he is _____
_____ of the _____
who is the contractor for the _____
on the building located at __568 TRABERT AVENUE, Atlanta, GA 30309_____ work
owned by _____
That the total amount of the contract including extras is $ _____
$_____ prior to this payment. That all waivers are true, correct and genuine and delivered unconditionally and that there is no claim either legal or equitable to defeat the validity of said waivers. That the following are the names of all parties who have furnished material or labor, or both for said work and all parties having contracts or sub-contracts for specific portions of said work or for material entering into the construction thereof and the amount due or to become due to each, and that the items mentioned include all labor and material required to complete said work according to plans and specifications:

| NAMES | WHAT FOR | CONTRACT PRICE | AMOUNT PAID | THIS PAYMENT | BALANCE DUE |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
| TOTAL LABOR AND MATERIALS TO COMPLETE: |  |  |  |  |  |

That there are no other contracts for said work outstanding, and that there is nothing due or to become due to any person for material, labor or other work of any kind done or to be done upon or in connection with said work other than above stated.

Signed this ____9th____ day of _____February_____, 2007

Signature: _____

Subscribed and sworn to before me this ____9th____ day of _____February_____, 2007

Signature: _____

C0031L0

EXHIBIT B

ORIGINAL 

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JAMAL LEWIS, | |
| Plaintiff, | CIVIL ACTION FILE |
| vs. | NO. 2008-CV-160543-S |
| LOWERY & ASSOCIATES, INC., BRAD LOWERY, Individually; et al., | |
| Defendant. | |

**FILED IN OFFICE** JUL 22 2009 DEPUTY CLERK SUPERIOR COURT FULTON COUNTY, GA

## ORDER

Pursuant to the Order of this Court issued and filed on May 18, 2009, and upon notice to the respective parties, a hearing to determine damages as to Defendants Lowery & Associates, Inc., and Brad Lowery, Individually, was held on July 16, 2009.

After hearing testimony of Plaintiff Jamal Lewis, contractor Mark Wilcox and attorney William J. McKenney (regarding reasonable attorney's fees) and admission of Exhibits one through seven into evidence, and based upon the entire record in this matter, this Court makes the following Findings of Facts and Conclusions of Law.

### FINDINGS OF FACT

1. On July 22, 2006, the Plaintiff Jamal Lewis and Defendant Lowery & Associates, Inc. entered into a "Cost Of The Work Plus A Fee" Contract for construction of a residence at 568 Trabert Avenue, Atlanta, Georgia 30309.



2.   The Construction Contract was signed by Jamal Lewis as owner and Brad Lowery, President.

3.   Brad Lowery, Individually, informed the Plaintiff that the cost of the project would be $2,400,000.00.

4.   On September 9, 2007, Plaintiff Lewis obtained a Construction Loan from Taylor, Bean & Whitaker Mortgage Corp. in the principal amount of $2,400,000.00.

5.   Brad Lowery in discussions with Plaintiff Lewis represented that he would provide the Plaintiff with a description of the portion of the project completed before draws were requested by Lowery & Associates, Inc. from the loan proceeds held by Taylor, Bean & Whitaker Mortgage Corp.

6.   Between February 9, 2007 and February 12, 2008, Defendant Lowery & Associates, Inc. submitted draw requests totaling $2,066,718.61.

7.   Lowery & Associates, Inc. received these funds by claiming that construction had been 80 percent completed.

8.   Lowery & Associates during the initial six months period received $681,000.00 in loan proceeds for labor and material purported to have been installed in the residence.

9.   During this time period, Defendant Lowery & Associates, Inc. did not provide weekly or monthly reports to Plaintiff Lewis showing the labor and materials furnished.

10.  Despite telephone calls made by Plaintiff Lewis to Defendant Brad Lowery concerning the above missing reports and amount of work performed, Defendant Lowery failed to respond.

11.  After Defendant Lowery failed to respond, the Plaintiff retained a construction expert to evaluate and inspect the property and determine the cost that had been expended for the project including materials and labor as well as the percentage of completion.

12.  Construction expert Mark Wilcox inspected the project on numerous occasions including July 7, 2009, just nine (9) days prior to this hearing.

13.  Mr. Wilcox took numerous photographs of the project, examined the condition of the interior and exterior walls and foundation and made a determination as to the percentage of the work completed, cost to repair and expenses still owed to subcontractors who had performed work or who had provided material to the project.

14.  Photographs admitted into evidence showed rusted beams, water intrusion, standing water, stained walls, algae, mold, rust stained interior and exterior walls, exposed beams, incomplete stucco work, exposed foundation and an incomplete roof.

15.  Mr. Wilcox testified that based upon his experience, knowledge of costs and materials and inspection of the residence that the construction project was between 45 percent and 48 percent complete, not 80 percent completed.

16. Upon applying a completion percentage of 48 percent to the draws received by Defendants Lowery & Associates, Inc. ($2,066,719.00), the total cost of labor and materials actually provided in the project was $992,025.12.

17. Lowery & Associates, Inc. received $2,066,719.00 in construction draws; however, only $992,025.12 was utilized in the project.

18. Plaintiff suffered a loss of $1,074,694.00 as a result of draws not applied to the project. ($2,066,719.00 − 992,025.12 = $1,074,694.00).

19. Furthermore, $240,000.00 in outstanding expenses remain unpaid to vendors and subcontractors.

20. Additional foreseeable consequential damages including labor and materials necessary to repair the existing residence which was caused when the Defendants ceased construction are approximately $304,000.

21. The testimony of contractor Mark Wilcox was credible and was supported by the evidence.

22. Attorney's fees which were apportioned between the three (3) Defendants in the amount of $4,010.00 was reasonable and necessary in this matter.

23. Future expenses reasonably foreseen to repair the foundation and other structural members of the project in the amount of $250,000.00 was supported by the testimony and evidence submitted.

24. Defendants Lowery & Associates, Inc., and Brad Lowery, Individually, converted $1,074,694.00 from draws issued from the Plaintiff's loan principal, for which punitive damages are warranted.

25. Defendant Brad Lowery intentionally misled the Plaintiff by representing that weekly or monthly project reports would be sent to the Plaintiff before draws were requested.

26. These representations were made with intent to induce the Plaintiff to enter into the Construction Agreement, the representations were known by the Defendant to be false, the Plaintiff reasonably relied upon these representations and has been damaged for which punitive damages are warranted.

27. Defendants have acted in bad faith and have been stubbornly litigious for which reasonable attorney's fees should be awarded. O.C.G.A. § 13-6-11.

## CONCLUSIONS OF LAW

1. Defendant Lowery & Associates, Inc. and Brad Lowery, Individually, are jointly and severally liable to the Plaintiff for damages proximately caused by their joint conduct and actions.

2. Plaintiff has sought to affirm the contract and seek damages for non-performance as well as consequential damages.

3. The construction contract if fully performed would have erected a residence for the contract price of $2,400,000.00.

4. Damages to the Plaintiff include the conversion of funds received by the Defendants, loss of labor and materials never provided, the cost of repairs, reasonable attorney's fees, and punitive damages.

5. The Defendants having misrepresented material facts induced the Plaintiff to enter the Construction Contract, knowing that weekly or monthly reports would never be sent to the Plaintiff before draws were requested from the mortgage company.

6. This scheme allowed the Defendants to obtain $2,066,719.00 in draws from the Plaintiff's loan account without alerting the Plaintiff that draws were not supported by work or materials actually installed in the residence.

7. The actions and conduct of the Defendants constitute fraud and conversion for which punitive damages shall be awarded.

8. Furthermore, the acts and conduct of the Defendants constitute bad faith and stubbornly litigiousness for which reasonable attorney's fees shall be awarded.

9. The proper measure of damages includes the actual loss to the Plaintiff, in addition to consequential damages required to repair the residence, pay vendors and to make the Plaintiff whole.

10. Therefore, based upon the above findings and conclusions of law, the following damages are awarded in favor of the Plaintiff and against the

Defendants:

| | | |
|---|---|---:|
| A. | Actual damages of | 1,314,694.00 |
| B. | Consequential damages of | 304,000.00 |
| C. | Reasonable Attorney's Fees of | 4,010.00 |
| D. | Punitive Damages of | 250,000.00 |
| | | $1,872,704 |

11. This Court further makes an express determination that there is no just reason for delay and that entry of judgment is warranted.

12. Therefore, a judgment shall be entered in favor of Jamal Lewis and against Lowery & Associates, Inc. and Brad Lowery, jointly and severally, in the principal sum of $1,872,704.00 with all accrued interest as provided by law until said judgment is satisfied.

SO ORDERED, this _22_ day of July, 2009.

_____
Honorable JERRY W. BAXTER
Judge, Superior Court of Fulton County
Atlanta Judicial Circuit

Submitted by:

_____
WILLIAM J. McKENNEY
Georgia State Bar No. 494725
McKENNEY & FROELICH
50 Polk Street
Marietta, GA 30064
Fax: (678) 354-4702
Telephone: (678) 354-4700
**Attorney for Plaintiff**

Page 7